UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT N. JOHNSON, | No. 2:09-cv-02386-MCE-JFM |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LISA DOUGLAS, individually and d/b/a EXECUTIVE MINI STORAGE and as Trustee of the DOUGLAS FAMILY TRUST DATED August 18, 2006; MIKE DOUGLAS, individually and d/b/a EXECUTIVE MINI STORAGE and as Trustee of the DOUGLAS FAMILY TRUST DATED August 18, 2006, | |
| Defendants. | |

Through the present action, Plaintiff Scott Johnson ("Plaintiff") alleges that Defendants Lisa Douglas and Mike Douglas, both individually and doing business as Executive Mini Storage ("Defendants"), are in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 et seq., as well as California Civil Code §§ 51-52 for providing inadequate access for persons with disabilities to the premises on which Defendants' business is located.

1

1  Plaintiff seeks both injunctive and monetary relief.  Now before
2  this Court is Defendants' Motion for More Definite Statement
3  brought pursuant to Federal Rule of Civil Procedure 12(e).
4  Defendants also seek attorney's fees and costs under Rule 41(d)
5  on grounds that a previous action filed against them by Plaintiff
6  was dismissed in August of 2009.

## BACKGROUND[1]

Plaintiff has physical impairments associated with quadriplegia that cause substantial limitations and restrictions on many of his major life activities.  In his Complaint, Plaintiff alleges that when he visited Defendants' storage facility in August of 2009, he encountered architectural barriers which prevented his full access to the facility.  Plaintiff's Complaint describes the architectural barriers as the lack of "the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space, accessible route, accessible entrance, accessibility signage, [and] striping."  Pl.'s Compl., ¶ 3. Plaintiff also claims that he has foregone two visits to Defendants' storage facility because of those issues.

///
///
///
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

**STANDARD**

**A.   Motion for More Definite Statement**

Before interposing a responsive pleading, a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper when the plaintiff's complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Due to the liberal pleading standards embodied in Rule 8(e) and the availability of extensive discovery, courts should not freely grant motions for more definite statements. Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).  Indeed, a motion for a more definite statement should be denied unless the information sought by the moving party is not available and is not ascertainable through discovery. Id.

**B.   Costs of Previously Dismissed Action**

Under Federal Rule of Civil Procedure 41(d), the Court may order a litigant who previously filed an action against the same defendant on the same grounds to pay all or part of the defendant's costs incurred in the previous action.

///

The Court may also stay the subsequent proceedings until after such costs have been paid.  Fed. R. Civ. P. 41(d).

## ANALYSIS

### A.  Motion for More Definite Statement

In their Motion for More Definite Statement, Defendants claim that Plaintiff's Complaint provides "no specific allegations that state precisely what the alleged allegation is relating to Plaintiff's claim against the Defendants' business." Defs.' Mot., 3:24-26.

Despite that contention, as indicated above the Complaint in fact specifically refers to the denial of "properly configured disabled parking spaces(s)", and goes on to even more specifically identify the lack of a van accessible disabled space.  The Complaint further refers to the lack of an "accessible route, disabled entrance, accessibility signage, [and] striping."  See Compl., 3:9-13.  Additionally, the Complaint includes as Exhibit E a photograph of what it describes as the "non compliant van accessible disabled parking."  Id. at 6:15-16.  Defendants nonetheless contend that these allegations do not provide them with a "fair opportunity to frame a responsive pleading..."  Defs.' Mot., 4:11-13.

The Court disagrees.  Defendants have not, and cannot, cite any authority that holding that additional facts beyond those already identified by Plaintiff are required under federal pleading standards.

///

4

Instead, "a short and plain statement of the claim showing that the pleader is entitled to relief" is all that Plaintiff is required to provide in this regard.  See Fed. R. Civ. P. 8(a). Defendants also do not claim that the information they seek is not available or ascertainable through discovery.

The Court concludes that the statements and allegations already provided by Plaintiff provide sufficient specificity to enable Defendant to ascertain the nature of the claims being asserted and to allow preparation of a properly framed responsive pleading.  Accordingly, Defendants' Motion for More Definite Statement lacks merit.

**B.   Costs of Previously Dismissed Action**

While Federal Rule of Civil Procedure 41(d) does give the Court discretion to award costs against a litigant who has dismissed a prior case asserting the same claim, Plaintiff asserts that the particular violation giving rise to the current lawsuit did not exist until after dismissal of the earlier action in August of 2009.  The photograph of the non-compliant van accessible disabled parking space attached as Exhibit E to the present action was not included within Plaintiff's earlier complaint.  Defendant offers nothing to counter Plaintiff's contention that the two lawsuits were different other than make an unsupported allegation that the two actions are "mirror images" and based on the same alleged violations.  This is not enough in the Court's view to justify an imposition of costs under Rule 41(d).

5

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for More Definite Statement (Docket No. 5) is DENIED.[2] Defendants' concurrent request for an award of attorney's fees under Federal Rule of Civil Procedure 41(d) is also rejected. Defendants are directed to file a responsive pleading to Plaintiff's Complaint not later than ten (10) days after this Memorandum and Order is filed electronically.

IT IS SO ORDERED.

Dated: March 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

6